**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

ARKIL LIONKING ZULU,

                                **Plaintiff,**

   vs.                                                           9:14-CV-870
                                                                         (MAD/DJS)

**WENDY M. SEYMOUR,** *Correction Officer, Upstate
Correctional Facility*, **and JOHN D. GRANT,**
*Correction Officer, Upstate Correctional Facility*,

                                **Defendants.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**ARKIL LIONKING ZULU
96-A-4462**
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **RYAN W. HICKEY, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Plaintiff, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this action pursuant to 42 U.S.C. § 1983, asserting claims arising from when he was incarcerated at Upstate Correctional Facility ("Upstate C.F."). *See* Dkt. No. 11. In his amended complaint, Plaintiff asserts an Eighth Amendment claim against Defendants Seymour and Grant for allegedly tampering with his food. *See id.*

On May 11, 2016, Defendants moved for summary judgment. *See* Dkt. No. 44. In their motion, Defendants argue that Plaintiff cannot establish their personal involvement in the alleged constitutional violation, there are no disputed issues of material fact precluding summary judgment, and they are entitled to qualified immunity. *See id.* In a Report-Recommendation and Order dated March 3, 2017, Magistrate Judge Stewart recommended that the Court grant Defendants' motion. *See* Dkt. No. 61. Specifically, Magistrate Judge Stewart found that Plaintiff failed to put forth evidence demonstrating Defendants' personal involvement in the alleged Eighth Amendment violation and recommended granting Defendants' motion on that basis. *See id.* at 6-9.[1]

Currently before the Court is Magistrate Judge Stewart's March 3, 2017 Report-Recommendation and Order.

## II. BACKGROUND

Since neither party objected to Magistrate Judge Stewart's recitation of the relevant background facts, and because it is consistent with the record, the Court adopts the factual background set forth in Magistrate Judge Stewart's Report-Recommendation and Order. *See* Dkt. No. 61 at 2-4.

## III. DISCUSSION

**A.   Standard**

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law. *See Chambers v. TRM Copy Ctrs. Corp.*, 43

---

[1] To avoid confusion, anytime the Court references a specific page number for an entry on the docket, it will cite to the page number assigned by the Court's electronic filing system.

F.3d 29, 36 (2d Cir. 1994) (citations omitted). When analyzing a summary judgment motion, the court "cannot try issues of fact; it can only determine whether there are issues to be tried." *Id.* at 36-37 (quotation and other citation omitted). Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c) (e)).

In assessing the record to determine whether any such issues of material fact exist, the court is required to resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. *See Chambers*, 43 F.3d at 36 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2502, 2513-14, 91 L. Ed. 2d 202 (1986)) (other citations omitted). Where the non-movant either does not respond to the motion or fails to dispute the movant's statement of material facts, the court may not rely solely on the moving party's Rule 56.1 statement; rather the court must be satisfied that the citations to evidence in the record support the movant's assertions. *See Giannullo v. City of N.Y.*, 322 F.3d 139, 143 n.5 (2d Cir. 2003) (holding that not verifying in the record the assertions in the motion for summary judgment "would derogate the truth-finding functions of the judicial process by substituting convenience for facts").

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of

3

summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, \*1 (S.D.N.Y. May 16, 2001)). Specifically, "a *pro se* party's 'bald assertion,' completely unsupported by evidence" is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (citing *Cary v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, \*1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A litigant's failure to file objections to a magistrate judge's report and recommendation, even when that litigant is proceeding *pro se*, waives any challenge to the report on appeal. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (holding that, "[a]s a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point" (citation omitted)). A *pro se* litigant must be given notice of this rule; notice is sufficient if it informs the litigant that the failure to timely object will result in the waiver of further judicial review and cites pertinent statutory and civil rules authority. *See Frank v. Johnson*, 968 F.2d 298, 299 (2d Cir. 1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (holding that a *pro se* party's failure to object to a report and

4

recommendation does not waive his right to appellate review unless the report explicitly states that failure to object will preclude appellate review and specifically cites 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and former 6(e) of the Federal Rules of Civil Procedure).

## B.    Personal Involvement

"It is well settled in [the Second Circuit] that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). Moreover, the doctrine of *respondeat superior* cannot be applied to section 1983 actions to satisfy the prerequisite of personal involvement. *See id.* at 874. Therefore, a plaintiff must establish that each government-official named as a defendant, through that official's own actions, violated the constitution. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

In the present matter, Plaintiff alleges that there was a mouse in his September 27, 2012 meal. As Magistrate Judge Stewart discussed in his Report-Recommendation and Order, it is undisputed that meals were prepared in the facility kitchen, portioned onto meal trays and covered with a plastic lid. These meals were then transported by inmate porters to each housing block and distributed by correction officers to inmates in their cells. During his deposition, Plaintiff admitted that he never observed anyone, much less Defendant Grant or Defendant Seymour, tamper with his meal. *See* Dkt. No. 44-4 at 48-49. Rather, Plaintiff merely assumes that Defendants must have tampered with his meal because they had access to it. *See id.* at 48. According to Plaintiff, this assumption is further supported by the fact that they "were smiling when [he] told them about it," which he believes demonstrates "some type of guilt[.]" *Id.* at 49. Plaintiff testified that a possible motivation for placing the mouse in his food was that they were aware of the numerous grievances that Plaintiff had filed while housed at Upstate C.F. *See id.* at

5

52-53. Despite this belief, Plaintiff admits that he never before had any issues with Defendant Grant or Defendant Seymour. *See id.* at 52-54.

As Magistrate Judge Stewart correctly determined, Plaintiff's bald speculation that Defendants placed the dead mouse in his food is insufficient. There is simply no basis upon which a rational juror could conclude that Defendants either tampered with his food or that they were aware that someone had tampered with his meal. *See Thaxton v. Simmons*, No. 9:10-cv-1318, 2013 WL 4806457, *11-*12 (N.D.N.Y. Sept. 9, 2013) (granting the defendants' motion for summary judgment as to the plaintiff's food tampering allegation where the only evidence against the defendants was that they had the opportunity to tamper with the plaintiff's food and the one defendant had a "'smirk on his face'" when the plaintiff reported the incident to him).

Moreover, the Court finds that Magistrate Judge Stewart correctly determined that the alleged spoliation of evidence is insufficient to enable Plaintiff to survive summary judgment because it has no bearing on the issue of Defendants' personal involvement. *See* Dkt. No. 61 at 8-9. The evidence at issue consists of photographs of the dead mouse taken by Defendant Seymour after Plaintiff reported finding it in his food and videotape from the camera outside of his cell. It is undisputed that Defendant Seymour took photographs of the dead mouse and Defendants have not disputed that Plaintiff found a dead mouse in his food. As such, the photographs are irrelevant for purposes of this motion. As to the videotape from the camera outside of his cell, Plaintiff claims that it would show Defendant Seymour taking the photographs of the dead mouse and Defendants Seymour and Grant "smiling and laughing." As discussed by Magistrate Judge Stewart, the fact that Defendant Seymour took photographs of the dead mouse has no bearing on the issue of personal involvement and the fact that Defendants were smiling when Plaintiff

reported the dead mouse to them is insufficient to establish their personal involvement. *See Thaxton*, 2013 WL 4806457, at \*11-\*12.

Based on the foregoing, the Court grants Defendants' motion for summary judgment.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions, Magistrate Judge Stewart's Report-Recommendation and Order and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 61) is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 44) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 27, 2017
      Albany, New York

*Mae A. D'Agostino*
U.S. District Judge